UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN VESTEY,

    Plaintiff,

v.                                                Case No: 8:13-cv-2281-T-30TBM

PUBLIX SUPER MARKETS, INC.,

    Defendant.

## **ORDER**

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss (Dkt. #3) and Plaintiff's Response in Opposition to Motion (Dkt. #11). Upon review and consideration, the Court concludes that the Motion should be denied in part and granted in part.

### *Background*

Plaintiff, Steven Vesty, brings an FLSA claim for unpaid overtime wages on behalf of himself and others similarly situated. He was a full time employee of Publix Supermarkets, Inc. ("Publix") and was paid on an hourly basis from August 2, 2008 through April 22, 2013. Plaintiff alleges that Publix regularly instructed him to begin working before his scheduled start time, and indicated that his start time would be corrected later; but Publix often failed to correct the time records to reflect Plaintiff's actual start time. Further, on numerous occasions, Publix's electronic timekeeping system prevented him and other employees from recording their actual hours worked. Plaintiff

also alleges that Publix's violations of the FLSA "were knowing, willful, and in reckless disregard of the rights of Plaintiff, and all others similarly situated." Plaintiff also seeks injunctive relief and exemplary damages. Plaintiff does not include an estimate of the amount of uncompensated overtime hours that he or the other employees worked.

*Discussion*

**I.        Motion to Dismiss Standard of Review**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir.1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n. 43 (11th Cir. 2008) (noting the abrogation of

the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## II.     Plaintiff's FLSA Claims

To state a cause of action under the FLSA for unpaid overtime wages, an employee must allege an employment relationship, that the employer engaged in interstate commerce, and that the employee worked over forty hours per week but was not paid overtime wages. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008). Plaintiff's allegations are sufficient to state a cause of action for unpaid wages. Defendant's arguments in support of its Motion to Dismiss rely heavily on cases from outside the Eleventh Circuit. However, the Eleventh Circuit has held that the requirements to state a claim of a FLSA violation are straightforward. *Secretary of Labor v. Labbe*, 319 Fed App'x 761, 763 (11th Cir. 2008) ("[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward."). The elements that must be shown are "simply a failure to pay overtime compensation…to covered employees, and/or failure to keep payroll records in accordance with the act." *Id*. The Eleventh Circuit has not required that the Plaintiff plead the exact or estimated hours of uncompensated time in his complaint. *See id*; *see also Dobbins v. Scriptfleet, Inc*. 2012 WL 601145 *3 (M.D.Fla. 2012) (rejecting Defendant's argument that Plaintiff must plead an estimate of the amount of

3

uncompensated hours a plaintiff worked.)  Plaintiff has also sufficiently alleged a failure to keep payroll records in accordance with FLSA in his Complaint by alleging that the time keeping system prevented him and others from entering their correct start times, and that ultimately Publix "failed to make, keep and preserve records… sufficient to determine wages and hours…."

The Defendant further argues that Plaintiff has not alleged sufficient facts to support his claims that Publix willfully violated the FLSA.  The Court disagrees. The three year statute of limitations applies to the FLSA claim if Plaintiff alleges and ultimately shows willfulness on the part of Publix for its violations. *See* 29 U.S.C. § 255(a). Plaintiff alleges that Publix regularly instructed him to begin work prior to his scheduled start time and did not record the time accurately, that the managers were aware of the employee's start times and that Publix's violations were willful. These allegations are sufficient to state willfulness at this stage in the pleadings. Further, a statute of limitations bar is an affirmative defense. *Navarro v. Santos Furniture Custom Design, Inc.*, 372 Fed. Appx. 24, 27 (11th Cir. 2010). Plaintiff is under no obligation to anticipate and negate this affirmative defense in the complaint. *See Labbe*, 319 Fed. Appx. at 764. Therefore, Plaintiff's complaint will not be dismissed on this basis.

The Court also rejects Defendant's argument that Plaintiff must proceed solely on an individual basis because Plaintiff has not filed a notice of consent to opt-in to the case with the Court.  Plaintiff has since filed a Notice of Consent to Join, and therefore this issue is moot.  Lastly, Defendant argues that Plaintiff's claims for exemplary damages and injunctive relief fail since there is no provision in law for such an award. Plaintiff

indicated that he previously agreed to withdraw these claims, and did not provide any argument in support of them in his Response in Opposition. Therefore the Court will dismiss Plaintiff's claims for exemplary and punitive damages.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. #3) is denied in part and granted in part.

2. Defendant's Motion to Dismiss Plaintiff's unpaid overtime compensation claims under the FLSA is denied.

3. Defendant's request that Plaintiff's complaint proceed on an individual basis only is denied.

4. Plaintiff's claims for exemplary damages and injunctive relief are dismissed.

5. Defendant shall file an answer to the Complaint within 14 days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of November, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2281 mtd 3.docx